KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Tingley, | No.    CV-23-00215-TUC-JAS |
| Plaintiff, | |
| v. | **ORDER** |
| Mark Dannels, et al., | |
| Defendants. | |

Self-represented Plaintiff Chad Tingley, who is confined in the Arizona State Prison Complex-Tucson (ASPC-Tucson) and proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court dismissed the Complaint with leave to amend, and Plaintiff has subsequently filed a Motion for Extension of Time (Doc. 7) and a Motion for Appointment of Counsel (Doc. 8).  The Court will grant the Motion for Extension of Time and deny the Motion for Appointment of Counsel.

## I.      Motions

In his Motion for Extension of Time, Plaintiff requests an additional 30 days to file an amended complaint so he can obtain medical records.  The Court will grant the Motion and give Plaintiff 30 days from the filing date of this Order to file an amended complaint.

In his Motion for Appointment of Counsel, Plaintiff asks the Court to appoint counsel to represent him in this case because he cannot afford hire counsel.  There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request

JDDL-K

1    an attorney to represent any person unable to afford one.   28 U.S.C. § 1915(e)(1).
2    Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional
3    circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A
4    determination with respect to exceptional circumstances requires an evaluation of the
5    likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims
6    pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors
7    is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting
8    *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

9         Having considered both elements, the Court does not find exceptional circumstances
10   are present that would require the appointment of counsel in this case.  Plaintiff is in no
11   different position than many self-represented prisoner litigants.  Thus, the Court will deny
12   without prejudice Plaintiff's Motion for Appointment of Counsel.

13   **II.    Warnings**

14        **A.    Release**

15        If Plaintiff is released while this case remains pending, and the filing fee has not
16   been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court
17   that he intends to pay the unpaid balance of his filing fee within 120 days of his release or
18   (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may
19   result in dismissal of this action.

20        **B.    Address Changes**

21        Plaintiff must file and serve a notice of a change of address in accordance with Rule
22   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
23   relief with a notice of change of address.  Failure to comply may result in dismissal of this
24   action.

25        **C.    Possible "Strike"**

26        Because the Complaint has been dismissed for failure to state a claim, if Plaintiff
27   fails to file an amended complaint correcting the deficiencies identified in the previous
28   screening Order, the dismissal may count as a "strike" under the "3-strikes" provision of

**JDDL-K**

28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Appointment of Counsel (Doc. 8) is **denied**.

(2)     Plaintiff's Motion for Extension of Time (Doc. 7) is **granted**.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint.

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

Dated this 3rd day of January, 2024.

Honorable James A. Soto
United States District Judge

JDDL-K

- 3 -